MJD/JMA/SKW/494993.01                                                                                                                2848-10-567

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Plaintiffs, <br> v. <br><br> CITY OF WAUKEGAN; MICHAEL URBANCIC; WILLIAM BIANG; PHIL STEVENSON; MIGUEL JUAREZ; DAVID DEPREZ; and BENNIE STARKS, <br><br> Defendants. | Case No. 09 CV 7402 <br><br> Hon. David H. Coar |

### PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiffs, NORTHFIELD INSURANCE COMPANY ("Northfield") and ST. PAUL FIRE AND MARINE INSURANCE COMPANY ("St. Paul"), by and through their attorneys, Tressler LLP, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, and for their Local Rule 56.1 Statement of Facts in Support of their Motion for Summary Judgment, state:

### Description of the Parties

1.     Northfield and St. Paul are insurance companies who issued insurance policies to the City of Waukegan ("City"). (City's Answer to Complaint for Declaratory Judgment attached as Ex. B ¶¶ 13,14).

2.     The City is an Illinois municipal corporation providing municipal governance to the residents within its geographical borders in Lake County, Illinois. (Exhibit B at ¶4).

3. Defendant Michael Urbancic is an individual, resident and citizen of Illinois. (Ex. B at ¶5). Urbancic is alleged to be a current or former Waukegan police officer, detective, or supervisor who was involved in the investigation that led to the arrest and conviction of Bennie Starks. (Complaint, Starks v. City of Waukegan, United States District Court for the Northern District of Illinois, Case No. 09-CV-348 (hereafter "Starks case"), Docket No. 1, attached as Exhibit C at ¶4).

4. Defendant William Biang is an individual, resident and citizen of Illinois. (Ex. B at ¶6). Biang is alleged to be a current or former Waukegan police officer, detective, or supervisor who was involved in the investigation that led to the arrest and conviction of Bennie Starks. (Ex. C at ¶4).

5. Defendant Phil Stevenson is an individual, resident and citizen of Illinois. (Ex. B at ¶7). Stevenson is alleged to be a current or former Waukegan police officer, detective, or supervisor who was involved in the investigation that led to the arrest and conviction of Bennie Starks. (Ex. C at ¶4).

6. Defendant Miguel Suarez is an individual and alleged to be a former Waukegan police officer, detective, or supervisor who was involved in the investigation that led to the arrest and conviction of Bennie Starks. (Ex. C at ¶4).

7. Defendant David Deprez is an individual, resident and citizen of Illinois. (Ex B at ¶9). Deprez is alleged to be a current or former Waukegan police officer, detective, or supervisor who was involved in the investigation that led to the arrest and conviction of Bennie Starks. (Ex. C at ¶4).

8. Defendant Bennie Starks is an individual, resident and citizen of Illinois. (Ex B at ¶10).

### Venue and Jurisdiction

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 exclusive of costs and interest, and the parties hereto are citizens of different states. (See, June 14, 2010 Order of the Court denying the City of Waukegan's Motion to Dismiss, attached hereto as Exhibit G.)

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 as this case involves claims for liability insurance for a claim made in this District under a liability insurance policy issued to the City within this District. (Ex. B at ¶12).

### Undisputed Material Facts

11. Northfield issued policies entitled Commercial Insurance Policy to the City of Waukegan with coverage periods effective for the following timeframes: (1) from November 1, 1991 to November 1, 1994 (Northfield Policy Number AA101050); (2) from November 1, 1994 through November 1, 1997 (Northfield Policy Number AA101117), but such policy was replaced on November 1, 1995 by Policy Number AA101158; and (3) from November 1, 1995 to November 1, 1997 (Northfield Policy Number AA101158). (Ex. B at ¶13; Affidavit of Randolph E. Robinson, with Northfield policies attached, attached as Exhibit D).

12. St. Paul issued the following policies of liability insurance to the City: Policy No. GP06301927, effective annually from November 1, 2006 to November 1, 2009. (Ex. B at ¶14; Certified Copies of said policies attached hereto as Exhibit E).

13. Section II – Comprehensive General Liability of Northfield policy numbers AA101050 and AA101117 provides as follows:

> This Section applies only to bodily injury, personal injury or property damage which occurred during the policy period and arise out of an occurrence which takes place within the territorial scope of the Policy.
>
> \* \* \*
>
> C – LAW ENFORCEMENT LIABILITY: Underwriters hereby agree, subject to the limitations, terms and conditions hereunder mentioned, to indemnify the Assured for all sums which the Assured shall become legally obligated to pay by reason of errors, omissions or negligent acts arising out of the performance of the Assured's duties while acting as a law enforcement official or officer in the regular course of public employment as hereinafter defined, arising out of any occurrence from any cause on account of Personal Injury, Bodily Injury, Property Damage or First Aid happening during the period of this insurance except as covered under Section II A and B.
>
> \* \* \*
>
> **DEFINITIONS**
>
> 1. PERSONAL INJURY – The term "personal injury" wherever used herein, shall mean Bodily Injury, Mental Anguish, Shock, Sickness, Disease, Disability, Wrongful Eviction, Malicious Prosecution, Discrimination, Humiliation, Invasion of Rights of Privacy, Libel, Slander or Defamation of Character; also Piracy and any Infringement of Copyright or of Property, Erroneous Service of Civil Papers, Assault and Battery and Disparagement of Property. In addition [sic] respects Insuring Agreement C only, "Personal Injury" shall mean False Arrest, False Imprisonment, Detention and Violation of Civil Rights arising out of Law Enforcement activities.
>
> 2. BODILY INJURY – The term "bodily injury" shall mean physical injury to any person (including death) and any mental anguish or mental suffering associated with or arising from such physical injury.

4

\* \* \*

> 8. OCCURRENCE – The term "occurrence" wherever used herein, shall mean an accident or happening or event or a continuous or repeated exposure to conditions which result in personal injury or damage to property during the policy period. All personal injuries to one or more persons and/or property damage arising out of an accident or a happening or event or a continuous or repeated exposure to conditions shall be deemed one occurrence.

(Ex. D and exhibits 1, 2, and 3 thereto, at NOR962-64, NOR1163-65, and NOR1211-13).

14. Northfield policy number AA101158 effective from 1995-1997 contains no Law Enforcement Liability coverage an accordingly there is no coverage for the Starks case under this policy. (Ex. B at ¶¶ 36, 37).

15. Each of the St. Paul policies contain a "Law Enforcement Liability Protection" section, which provides:

> **What This Agreement Covers**
>
> **Law enforcement liability.** We'll pay amounts any protected person is legally required to pay as damages for covered injury or damages that:
>
> - results from law enforcement activities or operations by or for you;
> - happens while this agreement is in effect; and
> - is caused by a wrongful act that is committed while conducting law enforcement activities or operations.
>
> \* \* \*
>
> *Injury or damage* means bodily injury, personal injury, or property damage.
>
> *Bodily injury* means any harm to the health of other persons. It includes care, loss of services, or death that results from such harm.

5

*Harm* includes any of the following:

- Physical harm, sickness, or disease.
- Mental anguish, distress, injury, or illness.
- Emotional distress.
- Humiliation.

*Personal injury* means injury, other than bodily injury, caused by any of the following wrongful acts:

- False arrest, detention, or imprisonment.
- Malicious prosecution.
- Wrongful entry or wrongful eviction.
- Invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies.
- Libel or slander.
- Making known to any person or organization written or spoken material that belittles the products, work, or completed work of others.
- Making known to any person or organization written or spoken material that violates an individual's right of privacy.
- False or improper service of process.
- Violation of civil rights protected under any federal, state, or local law.

(Ex. E at STP00213-221; STP00767-775; STP01602-1610).

16. On January 19, 1986, M.G., reported to City of Waukegan police officers that she had been attacked and raped the previous day. (Ex. C at ¶9; Order dated February 4, 2010, entered by the Hon. David H. Coar in Case No. 09-CV-348, Docket No. 67, attached hereto as Exhibit F at p. 1).

17. On January 21, 1986, William Biang, a City police officer, allegedly interviewed Starks about the alleged attack and rape of M.G. (Ex. C at ¶14).

18. Starks was arrested with respect to the M.G. incident in January of 1986. (Ex. B at ¶17; Ex. F at p. 1-2).

19. Starks was convicted in 1986 on three charges stemming from the alleged attack and rape of M.G. (Ex. B at ¶17; Ex. F at pp. 1, 2, 7).

20. Starks was incarcerated arising from this arrest and these convictions from January of 1986 until October of 2006. (Ex. B at ¶17; Ex. F at p. 2).

21. Two of Starks' convictions were vacated by the Illinois Appellate Court on March 26, 2006 as a result of new D.N.A. evidence. (Ex. B at ¶17; Ex. F at p. 2).

22. On or about January 20, 2009, Starks filed a lawsuit in this District bearing Court No. 09-CV-348 against the City, and certain of its police officers, Urbancic, Biang, Stevenson, Juarez and Deprez, alleging civil rights violations pursuant to 42 U.S.C. §1983 in a case entitled Starks v. City of Waukegan, et al. (Ex. B at ¶15; Ex. C).

23. Starks is scheduled for retrial on the charges of aggravated criminal sexual assault and attempted aggravated criminal sexual assault. (Ex. C at ¶37; Ex. F at pp. 2, 4, 7).

24. On February 4, 2010, this Court stayed the <u>Starks</u> case, Court No. 09-CV-348, pending resolution of Starks' state court criminal proceedings, because the Court found the lawsuit to be "premature" since Starks awaits retrial, which means that "no cause of action pursuant to §1983 has yet accrued." (Ex. F at pp. 4, 8).

Respectfully submitted,

NORTHFIELD INSURANCE COMPANY and
ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

By: _____/s/Michael J. Duffy_____
       One of Their Attorneys

Michael J. Duffy
Jeffrey M. Alperin
Shevonn K. Willis
Tressler LLP
233 S. Wacker Dr., 22nd Floor
Chicago, Illinois 60606
(312) 627-4000
Fax (312) 627-1717
mduffy@tresslerllp.com
jalperin@tresslerllp.com
swillis@tresslerllp.com