# EXHIBIT A

MJD/dat/465400                                                                                                                                    2848-10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY and ST. PAUL FIRE AND MARINE INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WAUKEGAN; MICHAEL URBANCIC; WILLIAM BIANG; PHIL STEVENSON; MIGUEL JUAREZ; DAVID DEPREZ; and BENNIE STARKS,<br><br>Defendants. | Case No: |

### COMPLAINT FOR DECLARATORY JUDGMENT

NORTHFIELD INSURANCE COMPANY ("Northfield"), and ST. PAUL FIRE AND MARINE INSURANCE COMPANY ("St. Paul"), by and through its attorneys, Michael J. Duffy, Jeffrey M. Alperin and Shevonn K. Smith, of Tressler LLP, and for their Complaint for Declaratory Judgment against the CITY OF WAUKEGAN ("City"); MICHAEL URBANCIC; WILLIAM BIANG; PHIL STEVENSON; MIGUEL JUAREZ; DAVID DEPREZ and BENNIE STARKS states:

### STATEMENT OF CASE

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, for the purpose of determining an actual controversy between the parties, construing the rights and legal obligations arising under certain contracts of insurance issued by Northfield and St. Paul to the City in Illinois under which the City and certain of its police officers (Urbancic, Biang, Stevenson, Juarez and Deprez), are claiming coverage as insureds or protected persons. Northfield and St. Paul seek a declaration from this

Court that they owe no obligation under the subject policies of insurance with respect to the City's or its police officers' liability in a lawsuit which was filed and is currently pending in this District styled Bennie Starks v. City of Waukegan et al., Case No. 09CV348 ("Starks suit").

PARTIES

2. Northfield is an Iowa insurance company with its principal place of business in Minnesota.

3. St. Paul is a Minnesota insurance company with its principal places of business in Minnesota.

4. The City of Waukegan is an Illinois municipal corporation providing municipal governance to the residents within its geographical borders in Lake County, Illinois.

5. Upon information and belief, Michael Urbancic is an individual, resident and citizen of Illinois.

6. Upon information and belief, William Biang is an individual, resident and citizen of Illinois.

7. Upon information and belief, Phil Stevenson is an individual, resident and citizen of Illinois.

8. Upon information and belief, Miguel Juarez is an individual, resident and citizen of Illinois.

9. Upon information and belief, David Deprez is an individual, resident and citizen of Illinois.

2

10. Upon information and belief, Starks is an individual, resident and citizen of Illinois. Starks is named herein solely as an interested party to be bound by the judgment herein.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and the parties hereto are citizens of different states.

12. Venue is proper in this District pursuant to 28 U.S.C. 1391 as this case involves claims for liability insurance for a claim made in this District under a liability insurance policy issued to the City within this District.

## FACTUAL BACKGROUND

13. Northfield issued the following policies of liability insurance to the City:

- Policy No. AA1011050, effective annually from November 1, 1991 to November 1, 1994 with Certain Underwriters at Lloyd's London;

- Policy No. AA101117, effective from November 1, 1994 to November 1, 1995 with Certain Underwriters at Lloyd's London; and

- Policy No. AA101158, effective annually from November 1, 1995 to November 1, 1997.

Copies of these policies are attached hereto and incorporated herein as Group Exhibit A.

14. St. Paul issued the following policies of liability insurance to the City:

- Policy No. GP06301927, effective annually from November 1, 2006 to November 1, 2009.

3

Copies of these policies are attached hereto and incorporated herein as Group Exhibit B.

15. On or about January 26, 2009, Starks filed a lawsuit in this District bearing Court No.09CV348 against the City, and certain of its police officers, Urbancic, Biang, Stevenson, Juarez and Deprez. A copy of the Complaint in the Starks suit is attached hereto as Exhibit C.

16. In the Starks suit the plaintiff alleges, *inter alia*, that the City and its police officers caused the wrongful charging, prosecution and conviction of Starks by withholding the fact that certain evidence was false, fabricated, manipulated, altered, and coerced; by suppressing and destroying additional exculpatory evidence; and by giving false testimony; thereby depriving Starks of his liberty and violating his right to a fair trial all in violation of 42 U.S.C. 1983; and the Fourth and Fourteenth Amendments to the U.S. Constitution. Starks seeks compensatory damages, punitive damages, costs and attorney's fees from the City and its police officers.

17. Starks was arrested with respect to the event at issue in the Starks case in January of 1986 and was convicted in 1986 as well on at least two charges stemming from the same incident. Starks was incarcerated arising from this arrest and these convictions from January of 1986 until October of 2006. One of Starks' convictions was vacated by the Illinois Appellate Court on March 26, 2006 as a result of new D.N.A. evidence.

18. On or about February 2, and February 12, 2009 the City and its police officers tendered their defense in the Starks suit to Northfield and St. Paul.

19. On or about May 12, 2009, Northfield denied defense to the City and its officers for the Starks suit.

20.   On or about June 16, 2009, St. Paul denied defense to the City and its police officers for the Starks suit.

## COUNT I

21.   Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

22.   The Law Enforcement Liability Coverage of the Northfield and St. Paul policies contain no obligation to defend the City or its police officers.

23.   Accordingly, neither Northfield nor St. Paul owes a duty to defend the City or its police officers in the Starks suit.

WHEREFORE, Northfield and St. Paul pray that this Honorable Court:

(a)   Enter judgment in its favor declaring that no duty to defend exists under any Northfield or St. Paul policy for the Starks lawsuit; and

(b)   Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

## COUNT II

24.   Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

25.   The claim and any damages awarded in the Starks lawsuit do not trigger coverage under any policy of insurance issued by Northfield or St. Paul because they do not fall within the effective policy periods of any of the Northfield or St. Paul policies at issue.

WHEREFORE, Northfield and St. Paul pray that this Honorable Court:

5

(a)   Enter judgment in their favor declaring that coverage does not exist under any Northfield or St. Paul policy for the Starks lawsuit; and

(b)   Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

## COUNT III

26.   Northfield incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

27.   The claim and any damages awarded in the Starks lawsuit concern intentional acts undertaken with the intent to cause harm and are therefore not covered by the Northfield policies.

WHEREFORE, Northfield prays that this Honorable Court:

(a)   Enter judgment in its favor declaring that coverage does not exist under any Northfield policy for the Starks lawsuit; and

(b)   Enter an award of costs in Northfield's favor and any such further relief as may be just and equitable.

## COUNT IV

28.   Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

29.   The claim and any damages awarded in the Starks lawsuit concern acts committed by Waukegan's employees outside the scope of their duties as employees and, therefore, no coverage exists for Urbancic, Biang, Stevenson, Juarez or Deprez.

WHEREFORE, Northfield and St. Paul pray that this Honorable Court:

6

(a) Enter judgment in their favor declaring that coverage does not exist under any Northfield or St. Paul policy for Urbancic, Biang, Stevenson, Juarez or Deprez in the Starks lawsuit; and

(b) Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

## COUNT V

30. Northfield incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

31. The claim and any damages awarded in the Starks lawsuit result from injury which the City and/or its officers intended, expected, or reasonably could have expected and, therefore, no coverage exists.

WHEREFORE, Northfield prays that this Honorable Court:

(a) Enter an judgment in its favor declaring that coverage does not exist under any Northfield policy for the Starks lawsuit; and

(b) Enter an award of costs in Northfield's favor and any such further relief as may be just and equitable.

## COUNT VI

32. Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

33. There is no coverage under the Northfield or St. Paul policies for criminal, malicious, fraudulent or dishonest acts.

7

34. The claims and damages arising from the Starks suit arise from criminal, malicious, fraudulent and/or dishonest acts, therefore no coverage exists.

WHEREFORE, Northfield and St. Paul pray that this Honorable Court:

(a) Enter judgment in their favor declaring coverage does not exist for the claims asserted in the Starks lawsuit under any Northfield and St. Paul policy; and

(b) Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

## COUNT VII

35. Northfield incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

36. Northfield policy number AA101158, effective from November 1, 1995 to November 1, 1997, contains no Law Enforcement Liability Coverage.

37. Accordingly, no coverage exists under policy number AA101158 for the Starks case.

WHEREFORE, Northfield prays that this Honorable Court:

(a) Enter judgment in its favor declaring that coverage does not exist under Northfield Policy Number AA101158 for the allegations asserted in the Starks lawsuit; and

(b) Enter an award of costs in Northfield's favor and any such further relief as may be just and equitable.

## COUNT VIII

38. Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

39. Any claim for punitive damages is uninsurable as a matter of public policy.

40. Accordingly, there is no coverage under the Northfield or St. Paul policies for any punitive or exemplary damages claimed in the Starks suit.

WHEREFORE, Northfield and St. Paul pray that this Honorable Court:

(a) Enter judgment in their favor declaring that coverage does not exist under any Northfield or St. Paul policy for the punitive or exemplary sums claimed in the Starks lawsuit; and

(b) Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

Respectfully submitted,

By: _____/s/Michael J. Duffy_____
Attorney for Northfield Insurance Company
and St. Paul Fire and Marine Insurance Company

Michael J. Duffy
Jeffrey M. Alperin
Shevonn K. Smith
Tressler LLP
233 S. Wacker Dr., 22nd Floor
Chicago, Illinois 60606
(312) 627-4000
Fax (312) 627-1717
mduffy@tresslerllp.com
jalperin@tresslerllp.com
ssmith@tresslerllp.com