# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

NORTHFIELD INSURANCE COMPANY
and ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

      Plaintiffs,

v.

CITY OF WAUKEGAN, et al.,
      Defendants.

Case No. 09-CV-07402
Honorable Judge Coar

## CITY OF WAUKEGAN'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant, City of Waukegan (the "City"), an Illinois municipality, by its attorneys, Paulette A. Petretti and Darcee C. Williams of Scariano, Himes and Petrarca, Chtd., hereby submits its Answer and Affirmative Defenses to Complaint for Declaratory Judgment filed by Plaintiffs, Northfield Insurance Company ("Northfield") and St. Paul Fire and Marine Insurance Company ("St. Paul"), as follows:

### STATEMENT OF CASE

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, for the purpose of determining an actual controversy between the parties, construing the rights and legal obligations arising under certain contracts of insurance issued by Northfield and St. Paul to the City in Illinois under which the City and certain of its police officers (Urbancic, Biang, Stevenson, Juarez and Deprez), are claiming coverage as insureds or protected persons. Northfield and St. Paul seek a declaration from this Court that they owe no obligation under the subject policies of insurance with respect to the City's or its police officers' liability in a lawsuit which was filed and is currently pending in this District styled Bennie Starks v. City of Waukegan et al., Case No. 09CV348 ("Starks suit").

ANSWER: The City denies that Northfield and St. Paul are entitled to any declaration on their behalf concerning insurance coverage obligations to the City under their subject policies of insurance. The City admits that Northfield and St. Paul have filed an action for declaratory judgment as set forth in Paragraph 1.

1

## PARTIES

2. Northfield is an Iowa insurance company with its principal place of business in Minnesota.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 2.

3. St. Paul is a Minnesota insurance company with its principal place of business in Minnesota.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 3.

4. The City of Waukegan is an Illinois municipal corporation providing municipal governance to the residents within its geographical borders in Lake County, Illinois.

**ANSWER:** The City admits the allegations set forth in Paragraph 4.

5. Upon information and belief, Michael Urbancic is an individual, resident and citizen of Illinois.

**ANSWER:** The City admits the allegations set forth in Paragraph 5.

6. Upon information and belief, William Biang is an individual, resident and citizen of Illinois.

**ANSWER:** The City admits the allegations set forth in Paragraph 6.

7. Upon information and belief, Phil Stevenson is an individual, resident and citizen of Illinois.

**ANSWER:** The City admits the allegations set forth in Paragraph 7.

8. Upon information and belief, Miguel Juarez is an individual, resident and citizen of Illinois.

**ANSWER:** The City denies the allegations set forth in Paragraph 8.

9. Upon information and belief, David Deprez is an individual, resident and citizen of Illinois.

**ANSWER:** The City admits the allegations set forth in Paragraph 9.

10. Upon information and belief, Starks is an individual, resident and citizen of Illinois.

Starks is named herein solely as an interested party to be bound by the judgment herein.

**ANSWER:** **The City admits that Starks is an individual, resident and citizen of Illinois. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10.**

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 exclusive of costs and interest, and the parties hereto are citizens of different states.

**ANSWER:** **The City admits the allegations set forth in Paragraph 11.**

12. Venue is proper in this District pursuant to 28 U.S.C. §1332 as this case involves claims for liability insurance for a claim made in this District under a liability insurance policy issued to the City within this District.

**ANSWER:** **The City admits that venue is proper but denies that Plaintiffs have identified the relevant statutory provision, which is 28 U.S.C. §1391.**

## FACTUAL BACKGROUND

13. Northfield issued the following policies of liability insurance to the City.
    - Policy No. AA1011050, effective annually from November 1, 1991 to November 1, 1994 with Certain Underwriters at Lloyd's London;

**ANSWER:** **The City admits the allegations set forth in Paragraph 13, bullet one.**

    - Policy No. AA101117, effective from November 1, 1994 to November 1, 1995 with Certain Underwriters at Lloyd's London; and

**ANSWER:** **The City denies the allegations set forth in Paragraph 13, bullet two, and affirmatively states that the effective period of policy AA101117 ran from November 1, 1994 to November 1997.**

    - Policy No. AA101158, effective annually from November 1, 1995 to November 1, 1997.

**ANSWER:** **The City denies the allegations set forth in Paragraph 13, bullet three.**

Copies of these policies are attached hereto and incorporated herein as Group Exhibit A.

ANSWER: The City denies that the copies of the alleged policies affixed to the Complaint are identical to the copies of the policies that were provided to the City.

14. St. Paul issued the following policies of liability insurance to the City.
- Policy No. GP06301927, effective annually from November 1, 2006 to November 1, 2009.

Copies of these policies are attached hereto and incorporated herein as Group Exhibit B.

ANSWER: The City admits that the policies identified in Paragraph 14 were issued to the City. The City denies that the copies of the policies attached as Exhibit B are identical to the copies of the policies provided to the City.

15. On or about January 26, 2009, Starks filed a lawsuit in this District bearing Court No. 09CV348 against the City, and certain of its police officers, Urbancic, Biang, Stevenson, Juarez and Deprez. A copy of the Complaint in the Starks suit is attached hereto as Exhibit C.

ANSWER: The City admits the allegations set forth in Paragraph 15.

16. In the Starks suit the plaintiff alleges, *inter alia*, that the City and its police officers caused the wrongful charging, prosecution and conviction of Starks by withholding the fact that certain evidence was false, fabricated, manipulated, altered, and coerced; by suppressing and destroying additional exculpatory evidence; and by giving false testimony; thereby depriving Starks of his liberty and violating his right to a fair trial all in violation of 42 U.S.C. 1983; and the Fourth and Fourteenth Amendments to the U.S. Constitution. Starks seeks compensatory damages, punitive damages, costs and attorney's fees from the City and its police officers.

ANSWER: The City admits only that the civil rights plaintiff Bennie Starks has alleged wrongdoing against the defendants in his complaint, but denies the accuracy and substance of any claims of wrongdoing against the City and its police officers.

17. Starks was arrested with respect to the event at issue in the Starks case in January of 1986 and was convicted in 1986 as well on at least two charges stemming from the same incident. Starks was incarcerated arising from this arrest and these convictions from January of 1986 until October of 2006. One of Starks' convictions was vacated by the Illinois Appellate Court on March 26, 2006 as a result of new D.N.A. evidence.

ANSWER: The City admits only that the civil rights plaintiff Bennie Starks has alleged the events set forth in Paragraph 17, but denies the accuracy and substance of any claims of wrongdoing against the City and its police officers.

18. On or about February 2, 2009 the City and its police officers tendered their defense in the Starks suit to Northfield and St. Paul.

**ANSWER:** **The City admits the allegations set forth in Paragraph 18.**

19. On or about May 12, 2009, Northfield denied defense to the City and its officers for the Starks suit.

**ANSWER:** **The City admits the allegations set forth in Paragraph 19.**

20. On or about June 16, 2009, St. Paul denied defense to the City and its police officers for the Starks suit.

**ANSWER:** **The City admits the allegations set forth in Paragraph 20.**

## COUNT I

21. Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** **The City incorporates by reference its answers to Paragraphs 1 through 20 above, as if fully set forth herein in response to Paragraph 21.**

22. The Law Enforcement Liability Coverage of the Northfield and St. Paul policies contain no obligation to defend the City or its police officers.

**ANSWER:** **The City denies the allegations set forth in Paragraph 22.**

23. Accordingly, neither Northfield nor St. Paul owes a duty to defend the City or its police officers in the Starks suit.

**ANSWER:** **The City denies the allegations set forth in Paragraph 23.**

WHEREFORE, Northfield and St. Paul pray that this Honorable Court:
(a) Enter judgment in its favor declaring that no duty to defend exists under any Northfield or St. Paul policy for the Starks lawsuit; and
(b) Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

**ANSWER:** **The City denies the relief requested in clauses (a) and (b) above is warranted.**

## COUNT II

24. Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** **The City incorporates by reference its answers to Paragraphs 1 through 20**

5

above, as if fully set forth herein in response to Paragraph 24.

25. The claim and any damages awarded in the <u>Starks</u> lawsuit do not trigger coverage under any policy of insurance issued by Northfield or St. Paul because they do not fall within the effective policy periods of any Northfield or St. Paul policies at issue.

**ANSWER:** The City denies the allegations set forth in Paragraph 25.

**WHEREFORE**, Northfield and St. Paul pray that this Honorable Court:
(a) Enter judgment in their favor declaring that coverage does not exist under any Northfield or St. Paul policy for the <u>Starks</u> lawsuit; and
(b) Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

**ANSWER:** The City denies the relief requested in clauses (a) and (b) above is warranted.

## COUNT III

26. Northfield incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** The City incorporates by reference its answers to Paragraphs 1 through 20 above, as if fully set forth herein in response to Paragraph 26.

27. The claim and any damages awarded in the <u>Starks</u> lawsuit concern intentional acts undertaken with the intent to cause harm and are therefore not covered by the Northfield policies.

**ANSWER:** The City denies the allegations set forth in Paragraph 27.

**WHEREFORE**, Northfield prays that this Honorable Court:
(a) Enter judgment in its favor declaring that coverage does not exist under any Northfield policy for the <u>Starks</u> lawsuit; and
(b) Enter an award of costs in Northfield's favor and any such further relief as may be just and equitable.

**ANSWER:** The City denies the relief requested in clauses (a) and (b) above is warranted.

## COUNT IV

28. Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** The City incorporates by reference its answers to Paragraphs 1 through 20 above, as if fully set forth herein in response to Paragraph 28.

29. The claim and any damages awarded in the <u>Starks</u> lawsuit concern acts committed by Waukegan's employees outside the scope of their duties as employees and, therefore, no

coverage exists for Urbancic, Biang, Stevenson, Juarez or Deprez.

**ANSWER:** The City denies the allegations set forth in Paragraph 29.

WHEREFORE, Northfield and St. Paul pray that this Honorable Court:
(a) Enter judgment in their favor declaring that coverage does not exist under any Northfield or St. Paul policy for Urbancic, Biang, Stevenson, Juarez or Deprez in the Starks lawsuit; and
(b) Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

**ANSWER:** The City denies the relief requested in clauses (a) and (b) above is warranted.

## COUNT V

30. Northfield incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** The City incorporates by reference its answers to Paragraphs 1 through 20 above, as if fully set forth herein in response to Paragraph 30.

31. The claim and any damages awarded in the Starks lawsuit result from injury which the City and/or its officers intended, expected, or reasonably could have expected and, therefore, no coverage exists.

**ANSWER:** The City denies the allegations set forth in Paragraph 31.

WHEREFORE, Northfield prays that this Honorable Court:
(a) Enter an judgment in its favor declaring that coverage does not exist under any Northfield policy for the Starks lawsuit; and
(b) Enter an award of costs in Northfield's favor and any such further relief as may be just and equitable.

**ANSWER:** The City denies the relief requested in clauses (a) and (b) above is warranted.

## COUNT VI

32. Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** The City incorporates by reference its answers to Paragraphs 1 through 20 above, as if fully set forth herein in response to Paragraph 32.

33. There is no coverage under the Northfield or St. Paul policies for criminal, malicious, fraudulent or dishonest acts.

**ANSWER:** The City denies the allegations set forth in Paragraph 33.

34.  The claims and damages arising from the Starks suit arise from criminal, malicious, fraudulent and/or dishonest acts, therefore no coverage exists.

**ANSWER:   The City denies the allegations set forth in Paragraph 34.**

WHEREFORE, Northfield and St. Paul pray that this Honorable Court:
(a) Enter judgment in their favor declaring that coverage does not exist for the claims asserted in the Starks lawsuit under any Northfield and St. Paul policy; and
(b) Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

**ANSWER:   The City denies the relief requested in clauses (a) and (b) above is warranted.**

## COUNT VII

35.  Northfield incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:   The City incorporates by reference its answers to Paragraphs 1 through 20 above, as if fully set forth herein in response to Paragraph 35.**

36.  Northfield policy number AA101158, effective from November 1, 1995 to November 1, 1997, contains no Law Enforcement Liability Coverage.

**ANSWER:   The City denies the effective dates of Policy number AA101158, but admits that Policy AA101158 did not contain Law Enforcement Liability coverage.**

37.  Accordingly, no coverage exists under policy number AA101158 for the Starks case.

**ANSWER:   The City admits the allegations set forth in Paragraph 37.**

WHEREFORE, Northfield prays that this Honorable Court:
(a) Enter judgment in its favor declaring that coverage does not exist under Northfield policy number AA101158 for the allegations asserted in the Starks lawsuit; and
(b) Enter an award of costs in Northfield's favor and any such further relief as may be just and equitable.

**ANSWER:   The City denies any relief is warranted under clauses (a) and (b) above in that the City is not seeking coverage under Policy number AA101158. The City affirmatively states that it has notified Plaintiffs of this fact on numerous occasions, prior to Plaintiffs filing this declaratory judgment.**

## COUNT VIII

38. Northfield and St. Paul incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** **The City incorporates by reference its answers to Paragraphs 1 through 20 above, as if fully set forth herein in response to Paragraph 38.**

39. Any claim for punitive damage is uninsurable as a matter of public policy.

**ANSWER:** **The City denies the allegations set forth in Paragraph 39.**

40. Accordingly, there is no coverage under the Northfield or St. Paul policies for any punitive or exemplary damages claimed in the Starks suit.

**ANSWER:** **The City denies the allegations set forth in Paragraph 40.**

> WHEREFORE, Northfield and St. Paul pray that this Honorable Court:
> (c) Enter judgment in their favor declaring that coverage does not exist under any Northfield or St. Paul policy for the punitive or exemplary sums claimed in the Starks lawsuit; and
> (d) Enter an award of costs in Northfield's and St. Paul's favor and any such further relief as may be just and equitable.

**ANSWER:** **The City denies the relief requested in clauses (a) and (b) above is warranted.**

WHEREFORE, in light of the foregoing, the City of Waukegan prays that this Court deny Plaintiffs' claims and render judgment in favor of the City of Waukegan.

## AFFIRMATIVE DEFENSES

City of Waukegan (the "City") by its undersigned attorneys from the law firm of Scariano, Himes and Petrarca, Chtd., herein provides its affirmative defenses to the Complaint for Declaratory Judgment filed by Northfield Insurance Company ("Northfield") and St. Paul Fire and Marine Insurance Company ("St. Paul") as set forth below.

1. Northfield issued the following policies of liability insurance to the City:

- Policy No. AA1011050, effective from November 1, 1991 to November 1, 1994, in participation with Certain Underwriters at Lloyd's London; and

- Policy No. AA101117, effective from November 1, 1994 to November 1, 1997, in participation with Certain Underwriters at Lloyd's London.

2. St. Paul issued the following policies of liability insurance to the City:

- Policy No. GP06301927, effective annually from November 1, 2006 to November 1, 2010.

3. The subject policies provide law enforcement liability coverage for the City and employees of the City engaged in law enforcement activities.

4. False arrest, detention, malicious prosecution and civil rights violations are claims that are expressly covered under Northfield and St. Paul's law enforcement liability policies at issue.

5. Bennie Starks filed a civil rights lawsuit in the Northern District of Illinois, Case No. 09CV348, against the City claiming false arrest, detention, malicious prosecution and civil rights violations occurring during the period between 1986 to the present as an alleged result of conduct by City employees operating within the scope of their duties.

6. The subject policies provide a duty to defend for civil rights lawsuits.

7. The City has complied with all required provisions under the policies.

8. One or more of Bennie Starks' claims are covered by Northfield's and St. Paul's policies. Therefore, a defense must be provided for all causes of action.

9. Plaintiffs claims concerning indemnification are not ripe for adjudication since no damages in the underlying lawsuit have been awarded at this juncture.

10. Ambiguous insurance policy provisions are construed in favor of the insured.

11. Civil rights violations, such as those alleged by Bennie Starks are continuing torts, which can trigger multiple insurance policies.

12. The Northfield and St. Paul policies were in effect during the period when Bennie Starks claims his civil rights were violated, as alleged in Case No. 09CV348. Accordingly, the City is entitled to coverage under each of the policies.

WHEREFORE, the City of Waukegan prays that this Court will find in favor of the City and against Northfield Insurance Company and St. Paul Fire and Marine Insurance Company and enter a declaration that Northfield and St. Paul have a duty to defend and indemnify the City.

Respectfully submitted,

By: s/ Paulette A. Petretti
One of the City of Waukegan's Attorneys

PAULETTE A. PETRETTI (ARDC NO. 06203646)
DARCEE C. WILLIAMS (ARDC NO. 06276211)
SCARIANO, HIMES AND PETRARCA, CHTD.
180 North Stetson, Chicago, Illinois 60601-6714
312-565-3100 ext. 245

g:\wp51\common\municipl\waukegan\bennie starks coverage\northfield-st. paul case\pleadings\answer to complaint.doc