# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Bennie Starks, ) | FILED: JANUARY 20, 2009 |
| ) | 09CV348 |
| Plaintiff, ) | JUDGE COAR |
| ) | MAGISTRATE JUDGE MASON |
| v. ) | |
| ) | TC |
| City of Waukegan, and Present and Former ) | |
| Waukegan Police Department Officials Lieutenant ) | |
| Urbancic, W. Biang, P. Stevenson, M Juarez, ) | |
| D. Deprez, and Dr. Carl Hagstrom, Dr. Russell ) | |
| Schneider and Sharon Thomas-Boyd, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 et seq.; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction, as codified in 28 U.S.C. § 1367(a).

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

### II. PARTIES

3. Plaintiff Bennie Starks is a resident of the City of Chicago and Cook County.

4. Defendants Lieutenant Urbancic, P. Stevenson, W. Biang, M Juarez and D. Deprez are present or former Waukegan Police officers, detectives and supervisors who were involved in the

1

EXHIBIT 1

investigation which led to the malicious prosecution and wrongful conviction of plaintiff Bennie Starks. Each of these defendants engaged in the conduct complained of in the course and scope of his employment and is sued in his individual capacity.

5. Defendants Dr. Carl Hagstrom and Dr. Russell Schneider are persons who represented themselves as experts in forensic dentistry and who were involved in the investigation which led to the malicious prosecution and wrongful conviction of plaintiff Bennie Starks. Each of these defendants engaged in the conduct complained of in the course and scope of his employment and is sued in his individual capacity.

6. Defendant Sharon Thomas-Boyd, who was employed by the Northern Illinois Crime Laboratory, is a person who represented herself as an expert in serology and who was involved in the investigation which led to the malicious prosecution and wrongful conviction of plaintiff Bennie Starks. She engaged in the conduct complained of in the course and scope of her employment and is sued in her individual capacity.

7. Defendant City of Waukegan is an Illinois municipal corporation, as such is responsible for the policies, practices and customs of the Waukegan Police Department and is or was the employer of each of the defendant police officials. The City of Waukegan is responsible for the acts of the defendant police officials while employed by the City of Waukegan and while acting within the scope of their employment.

8. At all times relevant to this action, each of the named defendants acted in the scope of his or her employment, and under the color of the laws, regulations, and customs of the State of Illinois. Each defendant's actions constituted "state action" as defined under federal law.

2

### III. FACTS

9. On January 19, 1986, M.G. reported to City of Waukegan police officers that she had been attacked and raped by a black male on January 18, 1986.

10. M.G. gave a description of the attacker that did not match plaintiff's description.

11. During the investigation into the allegations made by M.G., a coat and other clothing belonging to plaintiff Bennie Starks were found in the area where the alleged attack had occurred.

12. This clothing had been stolen from plaintiff Bennie Starks when he was attacked by two males on the evening of January 18, 1986.

13. On information and belief, on or about January 21, 1986 defendants Biang and Juarez showed a photograph of plaintiff Bennie Starks to M.G. in a suggestive photo show, and induced her to identify plaintiff as the person who had attacked her.

14. On January 21, 1986, defendant Biang interviewed plaintiff after he had voluntarily come to the Waukegan Police Station. Defendant Biang subsequently prepared a police report in which he falsely stated that plaintiff had made several inculpatory statements during this interview.

15. On January 22, 1986, defendant Deprez interviewed plaintiff at the Waukegan Police Station. Defendant Deprez subsequently prepared a police report in which he falsely stated that plaintiff had made several inculpatory statements during this interview.

16. Lieutenant Urbancic was the supervisor of defendants Stevenson, Biang, Juarez and Deprez and was himself closely involved in the investigation into the allegations made by M.G.

17. Upon information and belief, defendants Urbancic, Stevenson, Biang, Juarez and

3

Deprez knew that M.G. was unreliable, knew that her report of the attack on her and her identification of plaintiff as the person who had attacked her were unreliable and incorrect, yet they failed to document this knowledge and failed to inform prosecutors of this.

18. Once plaintiff had been identified as a potential suspect in the attack on M.G. defendants Urbancic, Stevenson, Biang, Juarez and Deprez met with M.G. on several occasions and suggested to her that plaintiff had in fact been the person who attacked her, as well as suggesting to her other significant aspects of her story, in order to match other evidence in the case and to undermine Plaintiff's alibi.

19. As a result of the identification of plaintiff by M.G., and the failure of the defendants to reveal that this identification and other significant aspects of M.G.'s version of events, had been obtained by suggestion and manipulation, as well as the false police reports which purported to document that plaintiff had made inculpatory statements, as well as the concealment of the unreliability of M.G. with respect to her account of the attack and her identification of plaintiff, plaintiff was charged with the attack on M.G.

20. During the course of the prosecution, defendants Dr. Carl Hagstrom and Dr. Russell Schneider became involved in the prosecution when they compared an alleged bite mark on M.G. with the teeth of plaintiff.

21. Defendants Dr. Carl Hagstrom and Dr. Russell Schneider subsequently reported to prosecutors that the mark on M.G. was a bite mark which had been made by plaintiff biting M.G.

22. These reports were false, and these defendants knew that the information they had did not allow them to reliably make such a report.

23. During the course of the investigation, defendant Sharon Thomas-Boyd, a serologist

4

employed by the Northern Illinois Crime Laboratory, examined evidence which had been recovered from M.G. and plaintiff.

24. This investigation by Thomas-Boyd included serological testing of semen which had been recovered from the body and the clothing of M.G.

25. M.G. had informed police that she had not had consensual sexual intercourse for two weeks before the attack on her.

26. As a result of the testing of the evidence, defendant Thomas-Boyd obtained results which excluded plaintiff as the source of the semen recovered from M.G. and her clothing.

27. Thomas-Boyd concealed the results of her testing which excluded plaintiff, and instead prepared a report which stated that plaintiff could have been the source of that semen.

28. Defendant Juarez testified falsely at the Grand Jury, and defendants Juarez, Biang, Deprez, Hagstrom, Schneider and Thomas-Boyd testified falsely at plaintiff's trial, and M.G. presented trial testimony which was improperly suggested and manufactured by the defendants.

29. On the basis of the false, manipulated, altered manufactured and coerced evidence, identifications and testimony, plaintiff was indicted for and convicted of the attack on M.G. and sentenced to 60 years imprisonment.

30. This conviction was affirmed on appeal.

31. On March 23, 2006, the Illinois Appellate Court reversed the denial of plaintiff's post conviction petition and vacated his conviction.

32. This reversal and vacation of the conviction were based on the fact that DNA testing had established that plaintiff was not the source of the semen found in the body of M.G. and on her clothing, and that defendant Thomas-Boyd had misrepresented the results of her serological

Case 1:09-cv-07402 Document 45-3 Filed 07/29/10 Page 7 of 13
Case 1:09-cv-07402 Document 27 Filed 03/31/10 Page 15 of 48
Case 1:09-cv-00348 Document 1 Filed 01/20/2009 Page 6 of 12

testing which in fact excluded plaintiff as the source of that semen.

33. On October 4, 2006, plaintiff was released from prison on bond, after the appellate court reversed the denial of his post conviction petition and vacated his conviction.

34. The State attempted to appeal the decision of the Appellate Court to the Illinois Supreme Court, but that court denied leave to appeal.

35. The mandate of the Appellate Court reversing plaintiff's conviction was issued on January 20, 2007.[1]

36. Plaintiff was imprisoned for a crime he did not commit from January 21, 1986 to October 4, 2006.

37. After plaintiff's conviction was reversed, the Lake County State's Attorney's Office refused to recognize that plaintiff is innocent of all charges and has continued to prosecute plaintiff for these crimes.

38. As a direct result of the egregious misconduct of the defendants in obtaining and continuing plaintiff's wrongful conviction and malicious prosecution, plaintiff suffered loss of his freedom for more than 20 years, and continues to suffer from the restrictions imposed by the pending prosecution as well as extreme physical and mental pain and suffering.

39. The defendants, acting jointly and with other unnamed persons, including other police and prosecutorial investigative, supervisory, and command personnel, together and under color of law, reached an understanding, engaged in a course of conduct, engaged in a joint action,

---

[1] In an abundance of caution, this Complaint is being filed within two years of the mandate issuing which reversed the conviction and sentence of plaintiff, and even though the criminal prosecution against him still continues, given the United States Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384 (2007).

6

and otherwise conspired among and between themselves to deprive plaintiff of his constitutional rights, and did deprive plaintiff of said rights, including his rights to be free from unreasonable arrest and seizure, from wrongful confinement and imprisonment, and his rights to access to the Courts and to a fair and impartial trial, as protected by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

40. In furtherance of this conspiracy or conspiracies, the defendants, together with their co-conspirators, each committed one or more of the overt acts set forth above, including, but not limited to, the wrongful arrest, imprisonment, charging and prosecution of plaintiff; the fabrication, manipulation, alteration, and coercion of false and unreliable inculpatory evidence against plaintiff; the failure to expose and/or stop the malicious prosecution, false imprisonment, and wrongful conviction of plaintiff; the repeated deception of prosecuting attorneys, judges and juries, by, *inter alia*, making knowing misstatements and the presentation of this knowingly false and incomplete evidence to prosecutors, judges and juries; the giving of false testimony and the filing of false and incomplete statements and reports; the suppression and destruction of favorable, exculpatory evidence; the failure to come forward with a truthful account of the events; and the other acts set forth above.

41. Said conspiracy or conspiracies, joint actions and overt acts continue to this date, have caused and continue to cause plaintiff's constitutional rights to be violated and the injuries, pain, suffering, fear, mental anguish, detention, imprisonment, humiliation, defamation of character and reputation, and loss of freedom and companionship, as set forth above and below.

7

**COUNT I**
**(42 U.S.C. 1983 Claim for Deprivation of Right to Fair Trial and for Wrongful Conviction)**

42. Plaintiff re-alleges paragraphs 1 through 41.

43. Defendants Lieutenant Urbancic, Stevenson, Biang, Juarez, Deprez, Dr. Carl Hagstrom, Dr. Russell Schneider and Sharon Thomas-Boyd individually, jointly, and in conspiracy, caused the wrongful charging, prosecution and conviction of plaintiff, and the continuation of said wrongful conviction, by coercing, constructing, altering, manipulating and fabricating the evidence which formed the basis for plaintiff's charging, prosecution and conviction; by withholding from the prosecutors, judges and defense attorneys involved in plaintiff's prosecution the fact that this evidence was false, fabricated, manipulated, altered, and coerced; by suppressing and destroying additional exculpatory evidence; by giving a false and incomplete version of events to prosecutors; by writing false reports and giving false testimony; and by the additional wrongdoing set forth above, thereby unconstitutionally depriving plaintiff of his liberty and violating his right to a fair and impartial trial and not to be wrongfully convicted, as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

44. The actions of the defendants in depriving plaintiff of his right to a fair trial and not to be wrongfully convicted were the direct and proximate cause of the injuries to plaintiff which are set forth above.

WHEREFORE, plaintiff demands judgment against these defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

8

### COUNT II
### (42 U.S.C. § 1983 4th and 14th Amendment Claim for Malicious Prosecution)[2]

45. Plaintiff realleges paragraphs 1 through 44.

46. Defendants, despite knowing that probable cause did not exist to arrest and prosecute plaintiff for the attack on M.G., acted individually and in concert to cause plaintiff to be arrested and prosecuted for that crime, thereby violating plaintiff's right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free of unreasonable searches and seizures and to due process.

47. Specifically, despite the fact that the defendants were aware of information that probable cause did not exist to arrest plaintiff the defendants intentionally caused plaintiff to be arrested and prosecuted for the attack on M.G. Furthermore, the defendants intentionally withheld from and misrepresented to prosecutors and the grand jury facts that further vitiated probable cause against plaintiff as set forth above, and failed to investigate evidence which would have led to the actual assailant. The defendants performed the above-described acts deliberately, with reckless disregard for the truth, and with malice.

48. In fact, plaintiff, as he stated from the time of his arrest and maintained throughout his wrongful incarceration, was innocent of the attack on M.G.

49. As a direct and proximate result of the defendants' actions plaintiff was wrongly convicted and imprisoned and was deprived of his freedom for more than twenty years, and

---

[2]Plaintiff recognizes that the Seventh Circuit Court of Appeals has held that there is no cause of action for malicious prosecution under 42 U.S.C. § 1983, under either a fourth or a fourteenth amendment theory. This issue has not yet been determined by the United States Supreme Court and plaintiff is pleading this count in order to preserve this issue for potential review by the United States Supreme Court and for potential reconsideration by the Seventh Circuit Court of Appeals of its prior holdings.

9

suffered the other grievous and continuing injuries and damages as set forth above.

WHEREFORE, plaintiff demands judgment against these defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

## COUNT III
### (42 U.S.C. § 1983 *Monell* Policy Claim Against City of Waukegan)

50. Plaintiff realleges paragraphs 1 through 49.

51. Upon information and belief, the actions of defendants Lieutenant Urbancic, Stevenson, Biang, Juarez and Deprez as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of the Defendant City of Waukegan its Police Department, Police Board, and/or City Council.

52. Upon information and belief, at all times material to this complaint, defendant City and its Police Department had interrelated *de facto* policies, practices, and customs which included, *inter alia*:

a) filing false reports and giving false statements and pursuing and obtaining wrongful prosecutions and false imprisonments on the basis of such reports and statements;

b) the failure to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, particularly those who were repeatedly accused of wrongful imprisonments, malicious prosecutions and wrongful convictions and of making false reports and statements;

c) the police code of silence, specifically in cases where police officers refused to report

10

Case 1:09-cv-07402   Document 45-3   Filed 07/29/10   Page 12 of 13
Case 1:09-cv-07402   Document 27   Filed 03/31/10   Page 20 of 48
Case 1:09-cv-00348   Document 1   Filed 01/20/2009   Page 11 of 12

or otherwise covered up instances of police misconduct, and/or the fabrication, suppression and destruction of evidence of which they were aware, despite their obligation under the law and police regulations to do so.

d) covering up, suppressing and withholding exonerating, exculpatory, and/or other evidence favorable to criminal defendants.

53. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, encouraged, *inter alia*, the fabrication, manipulation, and alteration of evidence, the making of false statements and reports, the giving of false testimony, and the pursuit and continuation of wrongful convictions and false arrests and imprisonments, and were, separately and together, a direct and proximate cause of the unconstitutional acts committed by the named defendants and their co-conspirators, and the injuries suffered by the plaintiff.

54. Additionally, said failure to properly train, discipline, monitor, control, assign, transfer, supervise, and counsel the police defendants was done with deliberate indifference and likewise acted as a direct and proximate cause of the injuries to plaintiff.

WHEREFORE, plaintiff demands judgment against the City of Waukegan for compensatory damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

### COUNT IV
### (745 ILCS 10/9-102 and Common Law Claims Against the City)

55. Plaintiff realleges paragraphs 1 through 54.

56. Defendant City of Waukegan was the employer of defendants Urbancic, Stevenson,

11

Biang, Juarez and Deprez at all times relevant and material to this complaint.

57. These defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Waukegan.

WHEREFORE, plaintiff, pursuant to 745 ILCS § 10/9-102, and otherwise pursuant to law, demands judgment against the defendant City of Waukegan in the amounts awarded to plaintiff against defendants Urbancic, Stevenson, Biang, Juarez and Deprez as damages, costs and interest, and for whatever additional relief this Court deems equitable and just.[3]

Dated: January 20, 2009           Respectfully submitted,

/s/ John L. Stainthorp
John L. Stainthorp
G. Flint Taylor
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773 235 0070

**Attorneys for Plaintiff**

**Plaintiff demands trial by jury on all counts**

---

[3]The criminal prosecution against plaintiff has not yet terminated in his favor. In the event that it does, plaintiff will seek to amend the complaint to add several claims under Illinois state law, including malicious prosecution, conspiracy, intentional infliction of emotional distress and a *respondeat superior* claim against the City of Waukegan.

12