# EXHIBIT G

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7402 | **DATE** | 6/14/2010 |
| **CASE TITLE** | Northfield Ins. Co. & St. Paul Fire & Marine Ins. Co. vs. City of Waukegan et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) [17] is DENIED. Defendant's alternative motion to stay proceedings [17] is also DENIED. Plaintiffs' request for the Court to sanction the City pursuant to Fed. R. Civ. P. 11 is DENIED. Rule 16(b) Scheduling Conference is set for June 29, 2010 at 9:00 a.m. Report of Parties' Planning Conference pursuant to Rule 26(f) and the Proposed Scheduling Order pursuant to Rule 16(b) to be e-filed by June 22, 2010. Both documents to be e-filed on the docket as individual separate documents. Forms of Report of Planning conference and Proposed Scheduling Order are available on Judge Coar's web page or in Chambers.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Northfield Insurance Company ("Northfield") and St. Paul Fire and Marine Insurance Company ("St. Paul") seek a declaratory judgment that they need not defend or indemnify the City of Waukegan (the "City"), or police officers Michael Urbancic, William Biang, Phil Stevenson, Miguel Juarez, and David Deprez, who are defendants in a § 1983 suit brought by Bennie Starks ("Starks") in this Court. (*See* Case No. 09 CV 348.)

In the underlying § 1983 lawsuit, filed in this Court on January 20, 2009, Starks alleges that the City of Waukegan and the above-named police officers (among other defendants) committed various acts of misconduct that ultimately resulted in his wrongful conviction and subjection to 20 years' imprisonment for a crime that he did not commit. For these injuries, Starks seeks compensatory damages, punitive damages, costs, and attorney's fees from the City and its police officers. On February 4, 2010, this Court stayed Starks's § 1983 action pending the resolution of related state-court criminal proceedings. *See Starks v. City of Waukegan*, No. 09 C 348, 2010 WL 481290 (N.D. Ill. Feb. 4, 2010).

In the instant declaratory judgment action, Plaintiffs Northfield and St. Paul claim that they owe no obligation under the subject policies of insurance with respect to the City's or its police officers' liability in the underlying lawsuit. Presently before this Court is the City's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, to stay proceedings.

## STATEMENT

Relying on the principle that a dispute concerning an insurer's duty to indemnify is not ripe until the underlying lawsuit has determined and defined liability, the City argues that the value of the potential indemnity in the underlying suit cannot count toward the amount-in-controversy requirement for diversity jurisdiction in the instant action. As Plaintiffs point out, the Seventh Circuit squarely rejected this argument in *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538-39 (7th Cir. 2006). In *Meridian*, the Seventh Circuit held that jurisdiction depends on the amount in controversy at the time a suit is filed. *See id.* Accordingly, the relevant point of reference for jurisdictional purposes is the potential indemnity at the moment the suit begins, not the ultimate determination of indemnity at the conclusion of the underlying suit. *See id.*

After Plaintiffs properly assert that *Meridian* controls the present jurisdictional dispute, the City shifts its focus and, in its reply brief, argues primarily that Plaintiffs fail to provide competent proof of jurisdiction. This argument fails as well. In *Meridian*, the Seventh Circuit held that:

> [T]he [amount in controversy] claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy . . . once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is legal certainty that the controversy's value is below the threshold.

*Id.* at 541 (internal citations and quotations omitted). Here, the jurisdictional facts are that Starks claims to have been wrongfully accused and convicted of rape and served 20 years in jail as a consequence. That he has made this claim is undisputed. Given the nature of Starks's claim, the Court can reasonably infer that Plaintiffs' assertion that the amount in controversy exceeds $75,000 is made in good faith. That is sufficient to shift the burden of persuasion to the City. To justify dismissal at this point, the City must demonstrate with "legal certainty" that the controversy's value is below $75,000. *See id.* Because the City has failed to do so, the Court concludes that the amount-in-controversy requirement for diversity jurisdiction is satisfied.

Alternatively, the City moves the Court to stay the declaratory judgment action, arguing that if the underlying § 1983 action is dismissed, the issues raised by the complaint for declaratory judgment may become moot. In response, Plaintiffs claim that the City has persistently demanded that Plaintiffs owe it a defense and indemnity obligation for the underlying suit, even after the Court stayed that case. The Court finds the City's request for a stay no more persuasive than its motion to dismiss. That request is therefore denied.

Finally, Plaintiffs take issue with the City's refusal to withdraw its motion to dismiss in light of *Meridian* and press for the Court to sanction the City for violating Fed. R. Civ. P. 11. Because the City's arguments reflect its good-faith postion as to how *Meridian* should be applied, the Court finds that these arguments are not frivolous or sanctionable under Rule 11.

CB(LC)